Michael J. McCue (SBN: 296425)
MMcCue@LRRC.com
Aaron D. Johnson (SBN: 261747)
ADJohnson@LRRC.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
4300 Bohannon Drive
Menlo Park, CA 94025
Tel: (702) 949-8200
Fax: (702) 949-8398

*Attorneys for Plaintiffs*
*Bellagio, LLC, and*
*Mirage Resorts, Incorporated*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELLAGIO, LLC, a Nevada limited liability company; MIRAGE RESORTS, INCORPORATED, a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MP SALONS AND SPAS INC., a California corporation,<br><br>Defendant. | Case No.: **'16CV2249 BAS JMA**<br><br>**COMPLAINT** |

For their Complaint, Plaintiffs Bellagio, LLC and Mirage Resorts, Incorporated ("MRI") (collectively, "Bellagio") allege the following:

## NATURE OF THE CASE

1. This is an action by Bellagio, LLC and its parent, MRI, against MP Salons and Spas Inc. for trademark infringement and unfair competition based on Defendant's unauthorized and unlawful use of the BELLAGIO mark. Plaintiffs seek damages, injunctive relief, attorneys' fees and costs.

## PARTIES

2. Plaintiff Bellagio, LLC is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada. Bellagio owns and operates the

Bellagio resort hotel and casino in Las Vegas, Nevada.

3. Plaintiff Mirage Resorts, Incorporated (defined above as "MRI") is a Nevada corporation with its principal place of business in Las Vegas, Nevada. MRI is the parent company of Bellagio, LLC and owns the BELLAGIO Marks (defined below) used by Bellagio, LLC. (For convenience, MRI and Bellagio, LLC will be collectively referred to as "Bellagio" throughout this Complaint.)

4. Upon information and belief, Defendant MP Salons and Spas Inc., a California corporation, is the business currently operating a salon under the name "Bellagio Salon & Day Spa" located at 2185 Station Village Way, #C, San Diego, California 92108.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiffs' claims for trademark infringement and unfair competition arise under the laws of the United States, specifically, under the Lanham Act, 15 U.S.C. § 1114 and 1125(a). This Court has supplemental jurisdiction over Plaintiffs' common law claims.

6. This Court has personal jurisdiction over Defendant because Defendant is a California corporation whose principal place of business is San Diego, California.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (2) because Defendant is based in San Diego, California and a substantial part of the events giving rise to the claim occurred and is continuing to occur in this judicial district.

## ALLEGATIONS COMMON TO ALL COUNTS

8. The Bellagio is a world-famous resort hotel and casino located on the Las Vegas Strip in Las Vegas, Nevada. The Bellagio features 3,933 guest rooms, 100,000 square feet of gaming, five pools, the Fountains of Bellagio, a conservatory and botanical garden, the Bellagio Gallery of Fine Art, a luxury shopping promenade, Cirque du Soleil's O show, world-renowned restaurants, lounges, a nightclub, wedding chapels, convention and meeting rooms, and other amenities, including a salon and spa.

9. Since opening in 1998, Bellagio has continuously used the BELLAGIO trademark in connection with a wide variety of goods and services, including a salon and spa.

10. Bellagio has received widespread recognition and numerous awards, including the following:

- **AAA** Five Diamond Award, 2001–2016
- **Celebrated Living** #1 Hotel in the U.S. Readers Choice Platinum List, 2009
- **Condè Nast Traveler Magazine** Gold List of the World's Best Places to Stay, 2008-2012
- **Expedia Insiders Select** Top Destination Resort, 2009
- **Forbes Traveler Magazine** World's 400 Best Hotels, 2008
- **Forbes Travel Guide** Four-Star Hotels 2015
- **Market Metrix Hospitality Index** Best Upscale Casino Hotel, 2008
- **Mobil** Four-Star Mobil Travel Guide Award, 2008, 2009
- **Travel + Leisure Magazine** Top 500 World's Best Hotels, 2007 – 2010, 2015
- **Travel + Leisure Magazine 500**, 2010 - 2014
- **Travel Weekly** - Readers Choice Award 2008-2014
- **Qantas** Frequent Flyer Favorite Hotel, 2009
- **World Travel Awards** North America's Leading Casino Resort 2008, 2009, 2011, 2012, 2013, 2015
- **World Travel Awards** United States' Leading Casino Resort, 2012, 2014, 2015
- **World Travel Awards** World's Leading Casino Resort, 2002, 2003, 2014
- **Zagat** Survey Top Overall, 2008; Most Popular Hotel, 2008

/ / /

-3-

11.     Bellagio has spent millions of dollars to advertise and promote the BELLAGIO mark and the associated goods and services in a variety of media, including, print, broadcast, and on the Internet through the web site accessible at <bellagio.com>.

12.     Bellagio has been featured in the media throughout the United States and around the world, including in newspapers, magazines, television programs, and movies, such as Ocean's Eleven and Ocean's Thirteen. The BELLAGIO salon and spa has received considerable press coverage as well.

13.     Millions of consumers visit the Bellagio each year and many are exposed to the BELLAGIO mark used in connection with a salon and spa.

14.     Bellagio owns several federal trademark registrations for the BELLAGIO mark on the Principal Register of the United States Patent and Trademark Office for a variety of goods and services. Most importantly, Bellagio owns the following registrations:

| Mark | Reg. No. | Goods/Services |
| --- | --- | --- |
| BELLAGIO | 2,232,487 | Hotels, beauty salons, and health spas. |
| SALON BELLAGIO | 2,859,595 | Beauty salon services; health spa services, namely, cosmetic body care services. |

(A true and accurate copy of trademark registrations for the BELLAGIO Marks is attached hereto as Exhibit A.)

15.     These federal trademark registrations have not been abandoned, canceled, or revoked. In addition to its federal trademark registrations, Bellagio owns common law rights in and to BELLAGIO for a variety of other goods and services. Bellagio's federal trademark registrations for BELLAGIO and SALON BELLAGIO and its common law trademark rights in the BELLAGIO mark are collectively referred to as the "BELLAGIO Marks."

16.     Based on its federal trademark registrations and common law rights, Bellagio owns the exclusive right to use the BELLAGIO Marks in connection with salon and spa services. Further, Bellagio has the right to stop others from using the same or

-4-

confusingly similar marks for the same or related goods and services throughout the United States.

17. Based on Bellagio's extensive and widespread use of the BELLAGIO Marks, the widespread recognition of the BELLAGIO Marks amongst the consuming public, and other relevant factors, the BELLAGIO Marks have become famous with the meaning of the Trademark Dilution Revision Act.

### **Defendant's Infringing Conduct**

18. Upon information and belief, Defendant's predecessor in interest began using the Bellagio Marks in connection with a salon and spa in 2008.

19. On September 16, 2008, Defendant's predecessor in interest registered the domain name <mysalonbellagio.com>.

20. Upon information and belief, in 2010, Defendant acquired its salon, currently located at 2185 Station Village Way, #C, San Diego, California 92108, from its predecessor in interest its salon and the domain name <mysalonbellagio.com>.

21. Since approximately 2010, Defendant has used the BELLAGIO Marks in connection with its salon.

22. Below are sample images depicting Defendant's unauthorized use of the BELLAGIO Marks:





23. Defendant's BELLAGIO salon & day spa mark is confusingly similar to Bellagio's BELLAGIO Marks. The dominant term of Defendant's mark is "BELLAGIO," which is identical to Bellagio's BELLAGIO mark. The Defendant merely added the descriptive phrase "salon & day spa." Such additions are common in the industry and insufficient to distinguish the parties' marks. Even so, Bellagio has the exclusive right to use SALON BELLAGIO based on its federal trademark registration, making Defendant's addition of the term "salon" irrelevant.

24. Defendant offers salon services under its BELLAGIO salon & day spa mark, even though Bellagio owns exclusive federal trademark rights in the BELLAGIO mark for salon services.

25. Bellagio's BELLAGIO Marks are entitled to broad protection. The BELLAGIO Marks are inherently distinct and conceptually strong. BELLAGIO means "beautiful lake" and has no relevance to beauty salon services. The BELLAGIO Marks are also commercially strong. Bellagio has invested millions of dollars to advertise and promote the BELLAGIO Marks and the associated goods and services in a variety of media, including print, broadcast, and on the Internet. Through this investment, the BELLAGIO Marks have gained worldwide fame among consumers.

26. Defendant's use of the BELLAGIO Marks is a blatant attempt to trade off of the goodwill and reputation Plaintiffs have developed in the federally registered BELLAGIO Marks. Specifically, Defendant hopes to use the BELLAGIO Marks to usurp and wrongfully trade off of Plaintiffs' well-known reputation for high quality goods and services, including beauty salon services.

27. Defendant's advertising, promotion, and operation of a salon and day spa using the BELLAGIO Marks after Plaintiffs' federally registered BELLAGIO Marks have acquired nationwide fame is likely to dilute the distinctiveness of Plaintiffs' Bellagio Marks.

28. On May 14, 2015, Plaintiffs sent a cease and desist letter to Defendant demanding that it cease use of the BELLAGIO Marks.

29. Defendant did not respond.

30. May 16, 2016, Plaintiffs sent a second cease and desist letter to Defendant demanding that it cease use of the BELLAGIO Marks.

31. Defendant did not respond.

**COUNT I**
(Trademark Infringement under
the Lanham Act, 15 U.S.C. § 1114(a))

32. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

33. Defendant's use of the BELLAGIO salon & day spa mark constitutes a reproduction, copying, counterfeit, and colorable imitation of the BELLAGIO Marks in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

34. As a direct and proximate result of Defendant's infringement of the BELLAGIO Marks, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their businesses, reputations, and goodwill.

**COUNT II**
(Trademark Dilution under
the Lanham Act, 15 U.S.C. § 1125(c))

35. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

36. Since 1998, Plaintiffs have engaged in extensive, continuous, and substantially exclusive use of their distinctive BELLAGIO Marks in commerce such that consumers throughout the United States have come to recognize and associate the BELLAGIO Marks uniquely with Plaintiffs.

37. Accordingly, the BELLAGIO Marks have become famous throughout the United States within the meaning of the Federal Trademark Dilution Act.

38. Defendant has unlawfully adopted and begun using the BELLAGIO Marks in commerce without Plaintiffs' consent, authorization, or license.

/ / /

/ / /

39. Defendant's unlawful adoption and use in commerce of the BELLAGIO Marks began after the BELLAGIO Marks became famous in the United States within the meaning of the Federal Trademark Dilution Act.

40. Defendant's unauthorized and unlawful adoption and use in commerce of a mark that is identical to or confusingly similar to Plaintiffs' BELLAGIO Marks is likely to dilute the distinctiveness of Plaintiffs' BELLAGIO Marks within the meaning of the Federal Trademark Dilution Act.

41. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered, and will continue to suffer irreparable injury and damages in an amount to be determined at trial.

**COUNT III**
(Unfair Competition under
the Lanham Act, 15 U.S.C. § 1125(a))

42. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

43. Defendant's use of the BELLAGIO salon & day spa mark in commerce constitutes a false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Plaintiffs and Defendant, or as to the origin, sponsorship, or approval of Defendant's services by Plaintiffs.

44. As a direct and proximate result of Defendant's unfair competition, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their businesses, reputations, and goodwill.

**COUNT IV**
(Cybersquatting under
the Lanham Act 15, U.S.C. § 1125(d))

45. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

46. Defendant has registered, trafficked in, and/or used the <mysalonbellagio.com> domain.

47. The <mysalonbellagio.com> domain name is confusingly similar to Plaintiffs' BELLAGIO Marks.

48. The <mysalonbellagio.com> domain name is confusingly similar to Plaintiffs' own website, <mysalonbellagio.com>.

49. Plaintiffs' BELLAGIO Marks were distinctive and/or famous when Defendant registered, trafficked in, and/or used the <mysalonbellagio.com> domain name.

50. Upon information and belief, Defendant has or had a bad faith intent to profit from Plaintiffs' BELLAGIO Marks when it registered, trafficked in, and/or used the <mysalonbellagio.com> domain name in commerce.

51. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

**COUNT V**
(Common law trademark infringement)

52. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

53. Defendant's use of the BELLAGIO salon & day spa mark constitutes trademark infringement under common law.

54. As a direct and proximate result of Defendant's trademark infringement, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their businesses, reputations, and goodwill.

**COUNT VI**
(Common law unfair competition)

55. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

56. Defendant's use of the BELLAGIO salon & day spa mark constitutes unfair competition under common law.

57. As a direct and proximate result of Defendant's unfair competition, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their businesses, reputations, and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that the Court grant the following relief:

A. A temporary, preliminary, and permanent injunction prohibiting Defendant and its respective officers, agents, servants, employees, and/or all other persons acting in concert or participation with them, from using the BELLAGIO Marks, or any confusingly similar variations thereof, in commerce, in connection with salon services, including, without limitation, the BELLAGIO salon & day spa in San Diego, California;

B. A preliminary and permanent injunction, pursuant to 15 U.S.C. § 1116(a) and 15 U.S.C. § 1125(d)(1)(C), prohibiting the Defendant and its officers, agents, servants, employees, attorneys, and/or all other persons who are in active concert or participation with them, from using the BELLAGIO Marks, or any confusingly similar variations thereof, in any Internet domain name, and requiring any registrar of the domain name <mysalonbellagio.com> to: (i) immediately place the domain name on hold and lock, prohibit its transfer, and, (ii) upon the entry of judgment in Bellagio's favor or further order of the Court, transfer the registration for the domain name to Bellagio;

C. An award of compensatory, consequential, statutory, and/or exemplary damages to Plaintiffs in an amount to be determined at trial;

D. An award of interest, costs, and attorneys' fees incurred by Plaintiffs in prosecuting this action; and

/ / /

/ / /

/ / /

/ / /

-10-

E.  All other relief to which Plaintiffs are entitled.

Dated: this 6th day of September, 2016.

                                        Respectfully submitted,

LEWIS ROCA
ROTHGERBER CHRISTIE LLP

By: /s/ Michael J. McCue
Michael J. McCue
Aaron D. Johnson
4300 Bohannon Drive
Menlo Park, CA 94025
Tel: (702) 949-8200
Fax: (702) 949-8398

Attorneys for Plaintiffs
Bellagio, LLC
Mirage Resorts, Incorporated

-11-